Filed 9/23/16  DCCCA1, Inc. v. Diversified Product Industries, Ltd. CA1/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION TWO

| | |
|---|---|
| DCCCA1, INC.,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DIVERSIFIED PRODUCT INDUSTRIES, LTD.,<br><br>    Defendant and Appellant. | A144195<br><br>(Alameda County<br>Super. Ct. No. RG13675188)<br><br>**ORDER MODIFYING OPINION<br> NO CHANGE IN JUDGMENT** |

**THE COURT:**

It is ordered that the opinion filed herein on August 30, 2016, be modified as follows:

On the signature page, the name Miller, J. should be deleted and replaced with the name Stewart, J. so that the panel names as listed are Kline, P.J., Richman, J., and Stewart, J.

There is no change in judgment.

Dated: _____                    _____
                                                                                             Kline, P.J.

1

Filed 8/30/16  DCCCA1, Inc. v. Diversified Product Industries, Ltd. CA1/2 (unmodified version)
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| DCCCA1, INC., <br><br>      Plaintiff and Respondent, <br><br> v. <br><br> DIVERSIFIED PRODUCT INDUSTRIES, LTD., <br><br>      Defendant and Appellant. | A144195 <br><br> (Alameda County <br> Super. Ct. No. RG13675188) |

Diversified Product Industries, Ltd. (DPI) appeals from the trial court's order awarding attorney fees to DCCCA1, Inc. (Doppelmayr),[1] following the court's judgment in favor of Doppelmayr, in an action against DPI for declaratory relief and specific performance of the parties' settlement agreement.[2]  DPI contends the court abused its discretion when it failed to penalize Doppelmayr for submitting false declarations and an unreasonably inflated fee amount in support of its attorney fees request.  We shall affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

After a bench trial in the underlying case, on August 4, 2014, the trial court entered judgment in favor of Doppelmayr.  In that judgment, the court awarded costs and

---

[1] Doppelmayr Cable Car GmbH & Co KG is the Austrian parent company of DCCCA1.

[2] In a related appeal, we have affirmed the trial court's judgment in the underlying case.  (*DCCCA1, Inc. v. Diversified Product Industries, Ltd.* (A143175) [nonpub.opn.].)

1

fees to Doppelmayr, "as the prevailing party pursuant to section 1032 and 1033.5, subdivision (a) of the Code of Civil Procedure and [section] 9 of the Settlement Agreement, with the amount of fees [to be] determined by noticed motion."

On October 6, 2014, Doppelmayr filed a motion for $605,453.81 in attorney fees, with an additional amount to be determined for preparation of its reply brief.[3]  In support of its motion, Doppelmayr submitted the declaration of Phillip H. Babich, an attorney at Reed Smith LLP, the firm that represented Doppelmayr in the litigation, and the declaration and expert report of John D. O'Connor, an attorney fees expert.

In his declaration, Babich provided a chart showing "the amount of fees Doppelmayr is requesting for each corresponding phase of this litigation."[4]  The chart showed that Doppelmayr had calculated fees for 1,416.20 attorney hours, for a total amount of $626,298.75.  Doppelmayr then reduced that amount by five percent "to ensure sound 'billing judgment,' " and then added $10,470 in fees related to preparation of the fee motion to arrive at the total requested fee award of $605,453.81.

In his declaration, O'Connor, an attorney fees expert, stated that he had reviewed, inter alia, "all billings of Reed Smith in this case," and opined that the case was one of "moderate commercial complexity, involving excellent law firms, involving defense by DPI of some uniqueness and academic challenge . . . ."  O'Connor further opined that the rates charged by Reed Smith in this case were "slightly below the average for firms of similar quality and reputation."  He found, "[a]fter reviewing these billings extensively,

---

[3] In August 2014, Doppelmayr had filed a memorandum of costs seeking reimbursement for $34,234.36 in litigation expenses.  DPI then filed a motion to tax costs, which the trial court partially granted on October 17, 2014, taxing a total of $18,538.11 in cost claims after finding that certain claimed costs were either made in error or were unreasonable.  The court awarded Doppelmayr costs of $15,696.25.  DPI has not challenged the court's costs order.

[4] The chart did not track work performed by specific attorneys or the dates on which the work was performed, although billing entries attached as an exhibit to Babich's declaration did contain dates and, for the most part, the corresponding attorneys' names.

. . . that, at least to my discernment, the billings appear appropriate to the complexity [of] the matter or the issues raised in the litigation."

DPI's counsel requested that Doppelmayr provide it with copies of its "contemporaneous daily billing records for this case for each attorney, showing the name and activities of each attorney," since the billing records Doppelmayr had submitted did "not say which attorney is doing the billing." In response to these concerns, Doppelmayr submitted a notice of errata and an amended exhibit, which contained 93 pages of daily billing records.

On October 27, 2014, DPI filed its opposition to Doppelmayr's attorney fees motion, arguing that because the total number of hours in Reed Smith's billing records was not broken down by the rates of the attorneys, "[t]he list of subject matter categories for the hours spent by the Reed Smith attorneys is 'arbitrary' [in that] there is no effective means of allocating the subject matter hours to actual billings by the attorneys. It is simply unknown, what rates were applied to which hours." DPI also argued that its review of Doppelmayr's counsel's billing records revealed "a massive duplication of billing records," including "a complete set of duplicate billings for the months of August 2013, September 2013, November 2013, and January 2014." DPI calculated that the amount of duplicate entries and other billing errors totaled $82,995.00.

In its reply, filed on October 31, 2014, Doppelmayr acknowledged that "a handful of duplicate billing entries . . . were erroneously included with the attorney billing invoices." Doppelmayr further stated that, "[w]hile the errors should not have occurred and we apologize to the court and DPI for them, Doppelmayr has not intentionally inflated its request [citation], and the error is easily and quickly correctible." Doppelmayr asserted that the proper reduction in fees based on the duplicate billing entries was "$75,762.50, for a new fee claim of $529,691.31.[5] In his declaration accompanying the reply, attorney Babich stated that the "duplications occurred because

---

[5] Babich explained that, although the duplication totaled $79,750, the total reduction should be "adjusted by Doppelmayr's 'billing judgment' discount of 5%."

portions of draft or duplicate pages from three invoices were inadvertently included with Doppelmayr's fee motion," and were included "due to clerical error." Babich also disagreed with DPI's characterization of the errors as a " 'massive duplication of billing records,' " noting that, "[o]ut of 93 pages of invoices, there are 6 pages of duplicate entries."

O'Connor, Doppelmayr's attorney fees expert, also submitted a declaration in support of the reply, in which he opined that the revised amount of attorney fees requested "[f]or a case that was litigated over an eighteen-month period, proceeded to trial, and involved contentious posttrial proceedings," was "not unreasonable in the least." O'Connor further stated that, "[t]he fact that there was a handful of duplicate billing entries erroneous [*sic*] included with the motion does not change my initial opinion that the request was and is reasonable, and there is no indication that such inclusion of duplicate entries was intentional." O'Connor concluded that the billings in this case were, "if anything, a bit lower than normal for an excellent major law firm."

In a November 7, 2014 order, the court denied Doppelmayr's request that fees be reduced by only $75,762.50, given that it had acknowledged that its request for fees contained clerical errors totaling $79,750 in fees. The court then permitted Doppelmayr to submit a brief explaining its calculations and permitted DPI to submit a response.

On November 17, 2014, Doppelmayr submitted a supplemental brief and revised table of hours and fees, from which it excluded, inter alia, the duplicate billing entries, as well as any fees related to the fee motion itself. After these exclusions and its five percent overall reduction, Doppelmayr requested a revised amount of $476,534.25 in fees.

In its November 26, 2014 response, DPI sought to have Doppelmayr's fees award reduced or denied based on its initial inflated fees request.

In a December 5, 2014 order, the court rejected DPI's argument that Doppelmayr's errors showed that its original fee request "was so unreasonable that the motion for attorney's fees should be denied on that basis. Nor does the court find that a reduction of fees on that basis is reasonable. The purpose of denying or reducing a fee

4

award based on an unreasonable fee request is to deter unreasonably inflated demands. Here, the majority of the reduction resulted from two clerical errors and Doppelmayr's decision to withdraw its claim for fees incurred in filing this motion and its claim for fees for attorneys who worked less than 15 hours on the case. Overall, the evidence indicates that Doppelmayr has proceeded in good faith and an order denying or reducing its fee request based on a finding that the original fee request was unreasonable is not justified."[6]

The court did grant in part DPI's request to reduce fees due to Doppelmayr's inefficient use of multiple attorneys, finding that, although 75 percent of the billing was attributable to two attorneys, "the use of nine different attorneys, five of whom performed substantial amounts of work, was inefficient and that a reduction of 10% in the hours claimed by each attorney is justified on that basis."

Finally, the court found that Doppelmayr's attorneys' hourly rates and hours billed were reasonable, for an amount of $451,345. The court then calculated the additional five percent reduction that Doppelmayr agreed was appropriate, and concluded that Doppelmayr was entitled to recover reasonable attorney fees in the amount of $428,778.

On December 9, 2014, the court entered an amended judgment in favor of Doppelmayr, awarding Doppelmayr costs in the amount of $15,696.25 and attorney fees in the amount of $428,778, for a total award of $444,474.25.

On February 6, 2015, DPI filed a notice of appeal.

## DISCUSSION

### *The Trial Court Did Not Abuse Its Discretion in Awarding Doppelmayr $428,778 in Attorney Fees*

On appeal, DPI does not challenge the trial court's determination that Doppelmayr's attorneys' hourly rates and hours billed were reasonable. Rather, it

---

[6] The court also denied, inter alia, DPI's request to eliminate or reduce the fees Doppelmayr claimed for preparation of its motion for summary judgment, the drafting of its complaint, for conducting discovery, and preparing its draft statement of decision. DPI does not challenge the court's denial of any of these requests on appeal.

contends counsel for Doppelmayr "submitted false and misleading attorney fee calculations to the court, under oath," and the court "abused its discretion by permitting [Doppelmayr] to withdraw false evidence without any ramifications."

We review the trial court's attorney fee award for an abuse of discretion. (See *Calvo Fisher & Jacob LLP v. Lujan* (2015) 234 Cal.App.4th 608, 619 (*Calvo Fisher & Jacob*).) " ' " 'The "experienced trial judge is the best judge of the value of professional services rendered in this court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong"— meaning that it abused its discretion.' " ' [Citations.]" (*Id.* at p. 620.)

## I.

First, DPI claims the court abused its discretion when it permitted Doppelmayr's counsel to submit false declarations—the initial declarations of Babich and O'Connor— without any consequences. According to DPI, counsel's submission of false and misleading attorney fees calculations under oath violated the Rules of Professional Conduct. (See Rules Prof. Conduct, rule 5-200 ["In presenting a matter to a tribunal, a member  [¶]  (A) [s]hall employ, for the purpose of maintaining the causes confided to the member such means only as are consistent with truth" and "(B) [s]hall not seek to mislead the judge, judicial officer, or jury by an artifice or false statement of fact or law"].)

In arguing that the court abused its discretion in granting Doppelmayr's motion for attorney fees, DPI relies on *Mardirossian & Associates, Inc. v. Ersoff* (2007) 153 Cal.App.4th 257, 278, in which the appellate court stated: "In certain circumstances, a violation of the Rules of Professional Conduct may result in a forfeiture of an attorney's right to fees." The trial court in this case, however, found that inclusion of duplicate billing entries in support of the fees motion was based on a clerical error and that "the evidence indicates that Doppelmayr has proceeded in good faith." In reaching this conclusion, the court necessarily found credible the declaration of Doppelmayr's counsel, in which he stated that the error was inadvert. On appeal, we may not reweigh the court's assessment of Babich's declaration. (See *Christian Research Institute v. Alnor*

6

(2008) 165 Cal.App.4th 1315, 1323 (*Christian Research Institute*) [with declarations, trial court is " 'able to assess credibility and resolve conflicts in the evidence,' " and its findings " 'are entitled to great weight' "].)

DPI has not shown that the court was unreasonable in concluding that, out of 93 pages of invoices, six duplicates were included due to clerical error. It therefore has not shown an abuse of discretion based on Doppelmayr's counsel's alleged violation of the Rules of Professional Conduct. (See *Calvo Fisher& Jacob*, *supra*, 234 Cal.App.4th at pp. 619-620.)

## II.

Second, DPI claims the court's "finding of a 'clerical error' is outside the scope of discretion, and further promotes unsavory conduct by counsel and fee experts willing to masquerade intentionally or neglectfully inflated bills as harmless errors."

An attorney fee award is usually mandatory. (*Christian Research Institute*, *supra*, 165 Cal.App.4th at p. 1321.) "The Legislature, however, did not intend recovery of fees and costs as a windfall." (*Ibid.*) "Inflated fee requests constitute a special circumstance. In emphasizing that a trial court retains the discretion to award attorney fees in an amount that is *less* than the lodestar amount, the *Ketchum* [*v. Moses* (2001) 24 Cal.4th 1122] court noted, 'To the extent a trial court is concerned that a particular award is excessive, it has broad discretion to adjust the fee downward or deny an unreasonable fee altogether.' [Citation.] Specifically, the *Ketchum* court stated, ' "A fee request that appears unreasonably inflated is a special circumstance permitting the trial court to reduce the award or deny one altogether." ' [Citations.]

"The *Serrano* [*v. Unruh* (1982) 32 Cal.3d 621] court explained, ' "If . . . the Court were required to award a reasonable fee when an outrageously unreasonable one has been asked for, claimants would be encouraged to make unreasonable demands, knowing that the only unfavorable consequence of such misconduct would be reduction of their fee to what they should have asked in the first place. To discourage such greed, a severer reaction is needful. . . ." ' [Citations.]" (*Christian Research Institute*, *supra*, 165 Cal.App.4th at pp. 1321-1322.)

7

Doppelmayr's counsel's errors could certainly be described as careless. Nonetheless, as we have already explained in part I., *ante*, the court reasonably found that the duplicative billing was not done in bad faith.[7]  The policy reasons discussed in *Christian Research Institute* for reducing or denying a fee award—to discourage greedy claimants from intentionally making outrageously excessive fee demands—are inapplicable to such inadvertent errors.  (See *Christian Research Institute*, *supra*, 165 Cal.App.4th at pp. 1321-1322, quoting *Serrano v. Unruh*, *supra*, 32 Cal.3d at p. 635.)

Because the court's finding that the duplicative billing was the result of a clerical error was not "clearly wrong," we find no abuse of discretion.  (See *Calvo Fisher & Jacob*, *supra*, 234 Cal.App.4th at p. 620.)[8]

## DISPOSITION

The judgment is affirmed.  Costs on appeal are awarded to respondent DCCCA1, Inc.

---

[7] Nor did the court find that Doppelmayr's counsel had originally submitted an intentionally confusing fee chart to hide its errors, as DPI also asserts.

[8] We also observe that, in its revised fees request, Doppelmayr excluded fees for, inter alia, preparation of the attorney fees motion, and the court reduced the fee award by an additional 10 percent due to the use of an excessive number of attorneys on the matter.

_____
Kline, P.J.

We concur:


_____
Richman, J.


_____
Miller, J.